## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INTERGLOBAL FOREST, LLC       )<br>       )<br>               Plaintiff,    )<br>      v.              )<br>       )<br>UNITED STATES,       )<br>       )<br>             Defendant.   )| Ct No. 20-03916 |

## PARTIAL CONSENT MOTION FOR INTERVENTION

Pursuant to Rules 7(b), 24(a)(2) and 24(c)(2) of the Rules of the United States Court of International Trade ("USCIT R."), LB Wood Cambodia Co., Ltd. ("LB Wood" or "Movant") respectfully moves this Court for an order granting LB Wood leave to intervene as Plaintiff-Intervenor as a matter of right in the above-captioned matter.  The grounds for this Motion to Intervene are more fully set forth below.

### 1.     Agency Proceeding on Appeal

LB Wood is a Cambodian producer of hardwood plywood and sold hardwood plywood to Plaintiff InterGlobal Forest, LLC ("IGF") during the period of investigation of EAPA Inv. 7321.  LB Wood was therefore an interested party in EAPA Inv. 7321 as defined by 19 U.S.C. §1517(a)(6)(A)(i).  EAPA Inv. 7321 is an investigation conducted by U.S. Customs and Border Protection ("CBP") under 19 U.S.C. §1517, the Enforce and Protect Act, or "EAPA," which provides for procedures to investigate claims of evasion of antidumping and countervailing duty orders.  CBP's determinations challenged in the above-captioned litigation are:

1

- Initiation Memorandum dated June 26, 2019 issued by CBP's Trade Remedy Law Enforcement Directorate ("TRLED") initiated EAPA Investigation 7321 against IGF ("Initiation Memo");

- TRLED Notice of Initiation of Investigation and Interim Measures – EAPA Cons. Case 7321 dated October 1, 2019, which consolidated TRLED's EAPA investigation against two other U.S. importers under EAPA Inv. No. 7321 and imposed interim measures against IGF ("Interim Measures Notice");

- TRLED Notice of Determination as to Evasion dated June 29, 2020 ("TRLED Final Determination"); and

- Determination dated November 5, 2020 by CBP's Office of Trade – Regulations and Rulings ("ORR"), Enforce and Protect Act ("EAPA") Case Number 7321; *Certain Hardwood Plywood from the People's Republic of China: Antidumping Duty Order*, 83 FR 504 (January 4, 2018) and *Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order*, 83 FR 513 (January 4, 2018); U.S. Global Forest, Inc., Interglobal Forest LLC, and American Pacific Plywood, Inc.; 19 U.S.C. § 1517 (November 5, 2020), confirming TRLED's evasion determination ("ORR Final Determination").

LB Wood intends to litigate the issues Plaintiff InterGlobal Forest, LLC ("IGF") has appealed, including TRLED's initiation of EAPA Cons. Inv. No. 7321, TRLED's Interim Measures, TRLED's Final Determination, and ORR's Final Determination, which concluded that IGF evaded antidumping and countervailing duty orders on plywood from China cited above (together: the "Orders") by means of evasion. *See InterGlobal Forest, LLC. v. United*

*States*, CIT Ct. No. 20-03916, IGF Amended Complaint, ECF No. 7 at ¶¶ 4 - 9 (January 7, 2021) ("Pl. Amended Compl.").  Movant will be challenging the issues listed in IGF's Counts I – XII, including the issues specific to LB Wood, discussed below.

        **2.**      **Proposed Plaintiff-Intervenor Has Standing to Intervene.**

Movant has standing to intervene as Plaintiff-Intervenor and has a right to intervene as a matter of right under USCIT Rule 24(a)(2) because Movant was an interested party in the administrative proceeding that led to the above determinations being challenged and is a party who could be adversely affected or aggrieved by a decision in a civil action brought under 19 U.S.C. §1517(g), within the meaning of 28 U.S.C. § 2631(j)(1).  Movant is a foreign producer and exporter of the merchandise at issue in EAPA Inv. No. 7321 ("covered merchandise") and filed questionnaire responses and contributed to the written argument in the underlying TRLED proceeding.  Accordingly, Movant was an "interested party" to EAPA Inv. No. 7321 as defined by 19 U.S.C. §1517(a)(6)(A)(i) and 19 CFR §165.1(1).  According to the Rules of this Court, USCIT Rule 24(a)(2), Movant has a right to intervene if (i) the Movant has an interest in the property or transaction that is the subject of the action; (ii) as a practical matter, the Court's disposition of the action may impair or impede Movant's ability to protect its interest and (iii) the existing parties are unable to adequately represent the Movant's interest.

        (i)      EAPA Inv. No. 7321 centered on Movant's production and shipment from Cambodia to the United States of hardwood plywood that Movant sold to Plaintiff, and which TRLED and ORR determined was entered into the United States by evasion of the antidumping and duty orders on Hardwood Plywood from China (the "Orders").  Movant therefore has an interest in intervening in this action, which is a challenge to TRLED's and ORR's determinations as to Movant's own actions in producing, shipping, and selling hardwood

plywood from Cambodia.  Movant has an interest in proving that TRLED's and ORR's determinations as to Movant's own actions were incorrect, not based on substantial evidence, arbitrary and capricious, and otherwise not in accordance with law.

(ii)    Plaintiff has challenged TRLED's and ORR's determinations in EAPA Inv. No. 7321, and this Court's disposition of the matter concerns Movant's own production, sale, and shipment of hardwood plywood from Cambodia.

(iii)    During the course of EAPA Inv. 7321, TRLED issued questionnaires directly to Movant and asked for documentation concerning Movant's purchase of raw materials and production of hardwood plywood, information and documentation to which Plaintiff has no first-hand knowledge or access.  TRLED and ORR also based their determinations in part on a June 2018 visit by a CBP agent to Movant's production facilities.  Only Movant's company officials and employees were present at this encounter with CBP's agent, and Plaintiff is unable to adequately represent to the Court details on the incident because neither Plaintiff nor Plaintiff's representative was present at the encounter.

### 3.    Consent of the Parties

As required by Rules 7(b), 7(f) & 24(a) of the Rules of this Court, counsel for Movant consulted with counsel for Defendant United States concerning this Motion to Intervene. *See* USCIT R. 7(b)(1)(C).  Hardeep K. Josan, counsel to Defendant, indicated by e-mail on January 14, 2021, that the United States defers to the Court on this motion.  Gregory S. Menegaz, counsel to Plaintiff InterGlobal Forest, LLC, consented to this Motion on January 12, 2021.

WHEREFORE, for the reasons described in this Motion, proposed Plaintiff-Intervenor respectfully requests that this Court grant this Motion to intervene in the above-captioned matter.

Respectfully submitted,

/s/ *Gregory S. Menegaz*

Gregory S. Menegaz
J. Kevin Horgan
Alexandra H. Salzman*
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
*Counsel to LB Wood Cambodia Co., Ltd.*

*\*Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).*

Dated: January 14, 2021