**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| **INTERGLOBAL FOREST LLC,**<br><br>      **Plaintiff,**<br>   **v.**<br>**UNITED STATES,**<br><br>      **Defendant.** |

**Before: Hon. _____**

**Court No. 20-03916**

## CONSENT MOTION TO INTERVENE

Pursuant to Rules 24(a) and (c) of the Rules of the United States Court of International Trade, the Coalition for Fair Trade in Hardwood Plywood ("the Coalition"), by and through its attorneys, respectfully request that the Court grant this consent motion to intervene in the above-captioned action as a defendant-intervenor.

Plaintiff InterGlobal Forest LLC, ("Plaintiff") instituted this action pursuant to 19 U.S.C. § 1517(g) to contest certain aspects of U.S. Customs and Border Protection's ("CBP") determinations in the investigation under the Enforce and Protect Act ("EAPA"), EAPA Inv. No. 7321, regarding claims of evasion of the antidumping and countervailing duty orders on *Hardwood Plywood from the People's Republic of China. See* Compl. (Dec. 17, 2020), ECF No. 5 ("Compl.").

The Coalition is an association of domestic producers of hardwood plywood and was the petitioner in the original trade remedy investigations that gave rise to the antidumping and countervailing duty orders on Chinese hardwood plywood. The Coalition also filed the allegation of evasion that led to CBP's investigation.  Accordingly, the Coalition is an "interested party" under 19 U.S.C. § 1517(a)(6)(A)(iv). Further, the Coalition is a party that stands to be "adversely affected or aggrieved" by Court's decision in this action. *See* 28 U.S.C. § 2631(j)(1).

Ct. No. 20-03916

The Coalition meets the requirements to intervene as a matter of right under Rule 24(a)(2) of the rules of this Court. That rule states that, in an action under, 19 U.S.C. § 1517(g), the "interested party that filed an allegation" shall be permitted to intervene as of right. The Coalition is the interested party that filed the allegation of evasion that underlies the challenged determinations. Beyond this, the Coalition's interests will be directly affected by the Court's disposition of Plaintiff's action. If granted, the relief that Plaintiff seeks – including vacation of CBP's determinations, which resulted in suspension of liquidation of Plaintiff's entries and a live entry requirement – will adversely affect the interests of the Coalition's members as domestic producers of hardwood plywood, and as beneficiaries of the orders at issue. Given that the Coalition was the petitioner in the trade remedy investigations that resulted in the orders, filed the original evasion allegation that underlies this action, participated in the agency's proceedings, and has a strong interest in ensuring that the trade remedy orders on Chinese hardwood plywood are fully and effectively enforced, the Coalition respectfully submits that its interests will not be adequately represented by any other party currently in this action. Thus, pursuant to Rule 24(a)(2) of the rules of this Court, the Coalition should be permitted to intervene in this action as of right.

In the alternative, the Coalition meets the requirements for permissive intervention under Rule 24(b). As described above, the Coalition has a strong interest in the outcome of this litigation, as described above, and a decision to void or otherwise negatively affect CBP's determinations will adversely affect those interests. In addition, the Coalition's defense shares with the main action common questions of law or fact, in that the Coalition believes that Plaintiff's claim lacks merit and that the challenged agency action is lawful. Finally, given the very early stage of this appeal, intervention at this time will not unduly prejudice the other parties to this action. Thus, the

Ct. No. 20-03916

Coalition may intervene in the above-captioned action pursuant to 28 U.S.C. § 2631(j)(2) and Rule 24(b)(1) of the rules of this Court.

Plaintiff filed a complaint in this action on December 17, 2020. Compl. This motion is being made within thirty days after the date of service of Plaintiff's complaint and therefore is timely under Rules 24(a) and 6(a) of the Rules of this Court.

As required by Rules 7(b) and (f) of the Rules of this Court, counsel for the Coalition have consulted with the parties to this action concerning this motion. Counsel for Plaintiff, Gregory Stephen Menegaz of deKieffer & Horgan, PLLC, consented to this motion by email on January 14, 2021. Counsel for Defendant United States, Hardeep K. Josan of the U.S. Department of Justice, consented to this motion by email on January 13, 2021.

Therefore, we respectfully request that the Court grant the Coalition's motion to intervene as defendant-intervenor in the above-captioned action.

Respectfully submitted,

 /s/ Timothy C. Brightbill
Timothy C. Brightbill, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
Tessa V. Capeloto, Esq.
Elizabeth S. Lee, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel to the Coalition for Fair Trade in Hardwood Plywood*

Dated:  January 15, 2021